UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| REID RALEIGH,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Defendant. | **ORDER TO AMEND NOTICE OF REMOVAL**<br><br>Case No. 2:20-cv-00759-DAO<br><br>Magistrate Judge Daphne A. Oberg |

On November 2, 2020, Defendant Allstate Vehicle and Property Insurance Company ("Allstate") filed a Notice of Removal (Doc. No. 2) in this action. Allstate asserts that removal to federal court is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 20, Doc. No. 2.) Allstate sufficiently alleges that the amount in controversy exceeds $75,000 (*id.* ¶¶ 14–15), but does not adequately allege diversity of citizenship.

The Notice of Removal adequately alleges that Allstate is a citizen of Illinois, the state in which it is incorporated, (*id.* ¶ 18). *See* 28 U.S.C. 1332(c)(1) (providing that a corporation is a citizen of every state in which it is incorporated and where it has its principal place of business). However, for Plaintiff Reid Raleigh, the Notice of Removal alleges only that Mr. Raleigh "claims to be a resident of the State of Utah." (Notice of Removal, ¶ 16, Doc. No. 2). For purposes of 28 U.S.C. § 1332, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972). Indeed, "an allegation that a party [] is a resident of a state is not

1

equivalent to an allegation of 'citizenship' and is insufficient to confer jurisdiction upon the District Court." *Whitelock*, 460 F.2d at 514 n.14 (internal quotation marks omitted); *see also Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir. 1968) ("The jurisdictional allegations of the original petition for removal were defective . . . because citizenship, as distinguished from residence of the plaintiff, was not expressly alleged."). Thus, Allstate's allegation regarding Mr. Raleigh's residency is insufficient to establish diversity of citizenship between the parties.

The court "'must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings.'" *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (quoting *Tafoya v. United States Department of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). Accordingly, the court ORDERS Allstate to file an Amended Notice of Removal that properly alleges the citizenship or domicile of Mr. Raleigh, if such allegations can be made in compliance with Rule 11 of the Federal Rules of Civil Procedure. *See Hendrix*, 390 F.2d at 301–02 (affirming the district court's decision allowing the defendant to cure "imperfect allegations of jurisdiction" in a notice of removal). The Amended Notice must be filed within fourteen (14) days of the date of this order.

DATED this 16th day of November, 2020.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge